UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
IVAN LEON,

                                Plaintiff,

                    -against-

Police Officer JAMES HART, Shield No. 19180; Police Officer CHARLES KOSA, Shield No. 10628; Police Officer DANIEL DEGAETANO, Shield No. 29293; Police Officer DENNIS BURGOS, Shield No. 25416; and JOHN and JANE DOE 4 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 9243 (RJS)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## **JURY DEMAND**

5. Plaintiff demands a trial by jury in this action.

## **PARTIES**

6. Plaintiff Ivan Leon ("plaintiff" or "Mr. Leon") is a resident of Queens County in the City and State of New York.

7. Defendant Police Officer James Hart, Shield No. 19180 ("Hart"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hart is sued in his individual and official capacities.

8. Defendant Police Officer Charles Kosa, Shield No. 10628 ("Kosa"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kosa is sued in his individual and official capacities.

9. Defendant Police Officer Daniel Degaetano, Shield No. 29293 ("Degaetano") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Degaetano is sued in his individual and official capacities.

10. Defendant Police Officer Dennis Burgos, Shield No. 25416 ("Burgos"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Burgos is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

12. At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 3:30 a.m. on April 11, 2013, plaintiff was lawfully present inside of New York Downtown Hospital at 83 Gold Street in New York, NY.

15. Hours earlier, Mr. Leon's wife had given birth to their daughter in the maternity ward of the hospital.

16. As Mr. Leon entered the hospital, he was stopped by hospital security guards, who told him he could not enter.

17. Mr. Leon explained, in sum and substance, that he was the father of a recently delivered newborn and was authorized to enter the building and go to his family's room.

18. The defendant police officers arrived and assaulted Mr. Leon, causing him to lose consciousness.

19. Mr. Leon awoke on the floor of a police precinct, having been falsely arrested.

20. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff commit criminal trespass and criminal mischief and resist arrest.

21. At no point did the officers observe plaintiff commit any crime or offense.

22. Mr. Leon was taken to Bellevue Hospital and, ultimately, to Manhattan Central Booking, also known as the Tombs.

23. That evening, Mr. Leon was arraigned and released on his own recognizance.

24. After retaining private counsel and making several court appearances, all of the charges were dismissed.

25. Mr. Leon continues to receive medical treatment for the injuries he sustained in the incident.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Malicious Prosecution**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

43. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     May 16, 2014
           New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Gabriel Harvis
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        gharvis@hwandf.com

                                        *Attorneys for plaintiff*